### In re LEINKAUF'S ESTATE.

(*Surrogate's Court, Westchester County.* September, 1888.)

WILLS—CONSTRUCTION—NATURE OF ESTATE—LIMITATION—TIME OF PAYMENT.

A will provided that the children of the testatrix should not be paid the principal of legacies bequeathed to them until they arrived at a certain age, and that in case of the death of any child without issue before arriving at such age, his "share shall revert to and form part of the residuary estate, to be divided into shares, for the benefit of my surviving children." *Held*, that on the death of one of the children without issue before arriving at the specified age, the other children were not entitled to the decedent's share until they had arrived at such age.

Judicial settlement of the accounts of Herman J. Leinkauf and others as executors of the will of Donah Leinkauf, deceased.

*J. H. K. Blauvelt,* for the executors.    *Wm. Bernard,* special guardian.

COFFIN, S.   All that seems to be necessary in this matter is to ascertain the meaning and intention of the testatrix, as expressed in her will. She was twice married, her first husband's name being Cohen.    After making provision for her last husband she disposed of the residue of her estate by directing it to be divided into seven equal shares for her then seven children, of whom three were sons, and four daughters, all of whom were minors, with one exception.   Each son's share she directed to be invested on bond and mortgage on sufficient real estate, in the executors' names, the interest or income arising therefrom to be paid to her son, Samuel M. Cohen, who was of age, until he should arrive at the age of 30 years, when he was to be paid the principal of his share.   The income of the shares of the sons who were minors was to be paid to their respective guardians for their support and education, until they should severally arrive at the age of 21 years, when the income was to be paid to them personally; and when they respectively attained the age of 30 years, each one's principal was to be paid to him.   The executors were also authorized, in their discretion, to make advances to the sons out of their respective shares after they had attained the age of 25 years, provided that such advances should not exceed one-half of each share.   The shares of the girls were to be invested in like manner, and the income to be applied to support and education, until they were respectively married, or became 21, when it was to be paid to them for life, with remainder to their issue; and in case of death without issue, the share of the one so dying was given to the surviving children, in equal proportions.   Then, by a subsequent clause, it was provided that "in case of the death of any or either of my sons before he or they shall have received the whole of his or their share or shares, such share or shares of said deceased son or sons, or the remainder thereof, as the case may be, shall immediately on such decease be paid over to the lawful issue of said son or sons, in equal proportions, share and share alike.   Should such deceased son or sons leave no lawful issue, then such share or shares shall revert to and form part of my residuary estate, to be divided into shares for the benefit of my surviving children, as aforesaid."   A provision was also made for letting in any after-born children to share in the residuum, in the same manner and under the same restrictions as given to the children then living.   She had such after-born children.   One of the sons has died, pending the administration of the estate, at the age of 25 years and upwards, but under 30, and without issue.   The question is, are the surviving brothers and sisters now entitled to his share, or what may remain of it—being about $980 —in possession, or must it still be held by the executors?   It seems very clear, and it is so held, that in the very language of the will his "share shall revert

to and form part of the residuary estate, to be divided into shares for the benefit of my surviving children, as aforesaid." It now forms a part thereof henceforth, just as if he never had existed, and must be held by the executors, be invested by them, the income applied, and the other sons' shares thereof be paid over to them on their attaining the specified age, except the share of Samuel M. Cohen. who, being over 30 years old, is entitled to his, at once.